UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FRANK NICHOLAS PEREZ, III,<br><br>    Petitioner,<br><br>    v.<br><br>DEBRA HERNDON,<br><br>    Respondent. | Case No.  EDCV 10-01042 SJO (AN)<br><br>ORDER TO SHOW CAUSE |

In light of the Supreme Court's just-issued decision in *Swarthout v. Cooke*, 562 U.S. ---, --- S. Ct. ----, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), Petitioner is ordered to show cause in writing, **on or before February 9, 2011**, why his Petition should not be dismissed with prejudice.

In *Cooke*, the Supreme Court reversed *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), and rejected the Ninth Circuit's erroneous interpretation of clearly established law on the standard of review applicable to California parole denials. *Cooke*, 2011 WL 197627 at *2-3. Further, *Cooke* holds that, even if a California prisoner has a state-created liberty interest in parole, a prisoner challenging the denial of parole is only entitled to the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100 (1979), that is, an opportunity to be heard and a statement of reasons for the denial. The Supreme Court observed that where the record reflected the prisoner was allowed to speak at the hearing and contest the evidence, was afforded access to his records in

advance, and was notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry." *Id.* The *Cooke* opinion expressly emphasizes that "it is no federal concern whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at *3.

Here, Petitioner's federal due process parole claims focus exclusively on the *reasons* for the Board of Parole Hearing's December 1, 2008 denial of parole. (Pet. (dkt. 1) at 33-41, 44-50.[1]) Petitioner is not claiming he was denied the minimal procedural due process protections set forth in *Greenholtz*. Moreover, here as in *Cooke*, the transcript of Petitioner's December 1, 2008 parole consideration hearing reflects Petitioner, who was represented by counsel, was given an opportunity to speak and contest the evidence against him, was afforded access to his records in advance, and was notified of the reasons why parole was denied. (*See* Pet. at 54-90; Attach. at 1-24.) To the extent Petitioner contends the California courts incorrectly applied California's "some evidence" rule, that is not a federal concern under the Supreme Court's decision in *Cooke*.

In light of *Cooke*, it simply does not appear this court would have any basis for concluding the California courts' rejection of Petitioner's substantive due process parole claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that it was based upon an unreasonable determination of the facts.

Further, Petitioner's other two claims are patently without merit. First, Petitioner claims the Board's decision finding him unsuitable for parole violates the terms of his plea agreement. (Pet. at 30, 41-43, 48.) Specifically, he claims his offense was inaccurately elevated to murder with special circumstances, which was not included in his plea bargain. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495 (1971) ("when a plea rests in any significant degree on

---

[1] For convenience and clarity, the court cites to the pages of the Petition by referring to the pagination furnished by the court's official CM-ECF electronic document filing system. Further, because the CM-ECF system renumbered the remaining pages of the Petition after the first 90, those pages will be cited herein as attachments ("Attach.").

a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."). The record rebuts Petitioner's assertion. It is abundantly clear from the record that Petitioner was initially charged with murder involving special circumstances, and the special circumstance allegations were stricken as part of his plea agreement. (Attach. at 39, 51-52, 54-55, 57-58.) Petitioner's attorney pointed that out during the parole hearing and the Board specifically acknowledged it and corrected the record. (Pet. at 60-62.) It is clearly established that a person validly convicted of a crime has no constitutional right to be released before the expiration of his sentence, *Cooke,* 2011 WL 197627 at *2; *Greenholtz,* 442 U.S. at 7, and the sentence Petitioner bargained for and received was an indeterminate 25-year-to-life sentence, which he is currently serving.

Second, in a portion of ground four, Petitioner claims that denying parole based on his refusal to admit to certain facts of the offense violates California law. (Pet. at 30, 44, 46.) This claim is based solely on state law and is therefore not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991) (alleged violations of state law are not cognizable in a federal habeas corpus petition). Also, while state law -- which is not relevant to this federal habeas proceeding -- provides that the Board "shall not require, when setting parole dates, an admission of guilt to any crime for which an inmate was committed" (CAL. PENAL CODE § 5011(b)), California courts have held that the Board's consideration of whether an inmate <u>accepts responsibility</u> for the commitment offense does not conflict with that provision. *In re Lazor*, 172 Cal. App. 4th 1185, 1202 n.13, 92 Cal. Rptr. 3d 36 (Cal. Ct. App. 2009). Here, Petitioner's plea was itself an admission of guilt, therefore, it is clear the Board's concern is not an admission of guilt but an acceptance of full responsibility for the crime. *Id.*

As with his substantive due process parole claims, it does not appear this court has any basis for concluding the California courts' rejection of Petitioner's two additional claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that it was based upon an unreasonable determination of the facts.

///

1  Petitioner is notified that he will be deemed to have waived his opportunity to respond
2  to this order to show cause, and he will be deemed to have consented to the dismissal of his
3  Petition for the foregoing reasons, if he fails to file his written response in the required time,
4  and that no consideration will be given to any untimely response.

6  DATED: January 26, 2011

    _____
    ARTHUR NAKAZATO
    UNITED STATES MAGISTRATE JUDGE